FILED
2024 Sep-24 PM 04:35
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION**

**URBANEX HUNTSVILLE, LLC,**

**Plaintiff,**

**v.**

**CITY OF MUSCLE SHOALS, ALABAMA,**

**Defendant.**

**Case No. ________________**

---

# COMPLAINT

---

Comes now, the Plaintiff, Urbanex Huntsville, LLC ("**Urbanex**"), by and through counsel, and sues the Defendant, City of Muscle Shoals, Alabama ("**Muscle Shoals**"). For its causes of action, Urbanex states as follows:

## I. PARTIES

1. Urbanex is an Alabama limited liability company, which does business in, among other areas, the Northern District of Alabama, including providing pest control services and products to residential consumers.

2. Muscle Shoals is a municipal corporation organized under the laws of the State of Alabama, situated in Colbert County. Muscle Shoals may be served with process via its mayor, Mike Lockhart, at 2010 E. Avalon Avenue, Muscle Shoals,

Alabama 35661 with a copy to its attorney, D. Marcel Black, Black and Hughston, P.C., 406 West Avalon Avenue, Muscle Shoals, Alabama 35661.

## II. JURISDICTION AND VENUE

3. This action is being filed pursuant to 42 U.S.C. § 1983 and the First and Fourteenth Amendments to the U.S. Constitution. Accordingly, jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343. Urbanex's claim for declaratory relief exists under 28 U.S.C. §§ 2201 and 2202, and Rule 57 of the Federal Rules of Civil Procedure. Venue is appropriate in the Northern District of Alabama pursuant to 28 U.S.C. § 1391.

## III. FACTUAL BACKGROUND

4. On or about August 16, 2024, Urbanex contacted Muscle Shoals' officials requesting permits to allow its salespersons to solicit Muscle Shoals residential consumers to promote the sale of its pest control services and products. Not only did Muscle Shoals refuse to issue the requested permits, it also informed Urbanex that its ordinances did not allow for solicitation of any kind, apparently including even for charitable or religious purposes.

6. Specifically, Muscle Shoals' ordinance Sec. 78-1 provides, in pertinent part:

> Sec. 78-1. - Going uninvited upon private residences.
>
> (a) ***The practice of going in and upon private residences in the city by solicitors,*** peddlers, hawkers, itinerant merchants or transient

> vendors of merchandise not having been requested or invited to do so by the owner or occupant of the private residences for the purpose of soliciting orders for the sale of goods, wares and merchandise and/or disposing of and/or peddling or hawking goods, wares and merchandise ***is declared to be a nuisance and punishable as a misdemeanor.***
>
> (b) Any person violating the provisions of this section shall upon conviction be subject to the penalties in section 1-7.
>
> (c) This section shall not apply to the sale or soliciting of order for the sale of milk, dairy products, vegetables, poultry, eggs and other farm and garden produce so far as the same of the commodities named is now authorized by law.

(A copy of the ordinance is attached hereto as Exhibit A.) (emphasis added)

7. Muscle Shoals' ordinance Section 1-7 also provides, in pertinent part:

> ". . . [A] person convicted of a violation of this Code shall be punished by a fine not exceeding $500.00, except where otherwise provided by state law for violation of municipal offenses, imprisonment or confinement at hard labor for a term not exceeding six months, or any combination thereof. The penalty imposed upon a corporation shall consist of the fine only, plus costs of court. For violations of this Code which are continuous with respect to time, each day the violation continues is a separate offense . . ."

(*Id.*)

8. Section 1-7 concludes, holding that continuous violations "may be abated by injunctive or other equitable relief" and that "[t]he imposition of a penalty does not prevent equitable relief." Section 1-7(e). (*Id.*)

9. Muscle Shoals' solicitation ordinances effectively ban all solicitation of any kind except the "sale of milk, dairy products, vegetables, poultry, eggs and other farm and garden produce" and deem any solicitation to be a "nuisance"

punishable as a crime. (*Id.*) In other words, Muscle Shoals' solicitation ordinances are so-called *Green River* ordinances that ceased being constitutional long ago. *See, e.g., Ad World, Inc. v. Doylestown Twp.*, 672 F.2d 1136 (3d Cir. 1982); *Statesboro Pub. Co. v. City of Sylvania*, 516 S.E.2d 296 (Ga. 1999).

10. Accordingly, as he has done with several smaller cities in the Northern Alabama region, Urbanex's legal counsel reached out to Muscle Shoals' city attorney and city administration countless times to convey that the ordinance no longer passed constitutional muster, and further, to offer his and his client's assistance to Muscle Shoals with updating the same. Despite these multiple attempts to contact Muscle Shoals or its representatives; however, no one returned his calls.

11. Next, Urbanex's counsel sent Muscle Shoals' city attorney, D. Marcel Black ("Mr. Black"), the following email to his firm's general email inbox (the only email address publicly accessible on the firm's website):

> This email message is for Marcel Black, who I understand represents the City of Muscle Shoals, Alabama. I could not find a better email address for Mr. Black.
>
> I have left a number of messages for Mr. Black, but no response has been received to date. This email is time sensitive because it precedes a possible federal lawsuit against the City of Muscle Shoals, and my client's sales campaign is ending shortly. Accordingly, I would appreciate you returning this email.
>
> Please be advised that I represent Urbanex Pest Control. I understand that our Huntsville office has been informed solicitation is not allowed in the City of Muscle Shoals. I had a similar issue with the City of Hartselle last year. While I have just made a first blush review of your

city's ordinances, in Hartselle's ordinance, it was quite old from the early 1960s, as I recall. After I brought this issue to the attention of that city's attorney, the City of Hartselle updated its ordinance.

It sounds like the City of Muscle Shoals might need to do the same. If there is an ordinance prohibiting soliciting, as I believe there to be, that would naturally violate the Constitutional rights of all those who seek to engage in commercial activity in Muscle Shoals, including my client. Of course, as I am sure you know, commercial speech is a protected activity under the First Amendment, and a regulation targeting such speech must directly advance a substantial governmental interest and be narrowly tailored to restrict no more speech than is absolutely necessary.

The U.S. Supreme Court in *Central Hudson Gas & Elec. Co. v. Public Serv. Comm. of N.Y.* used a four-part analysis to determine whether commercial speech is protected by the First Amendment: First, the speech must concern lawful activity and not be misleading; Second, the asserted governmental interest must be substantial; Third, the regulation must directly advance the asserted governmental interest; and, Fourth, it must not be more extensive than is necessary to serve that interest. This test has been adopted by courts here, and by implication, I believe this rationale also applies in Alabama. *See Backpage.com, LLC v. Cooper*, 939 F.Supp.2d 805, 839 (M.D.Tenn. 2013). The government bears the burden of proving the Constitutionality of their regulations, and "[t]his burden is not satisfied by mere speculation or conjecture; rather, a governmental body seeking to sustain a restriction on commercial speech must demonstrate that the harms it recites are real and that its restriction will in fact alleviate them to a material degree." *See Edenfield v. Fane*, 507 U.S. 761, 770-71.

In addition, I am not aware of Muscle Shoals' governing body putting forth any reasonable explanations for the implementation of such a prohibitive ordinance, at least inasmuch as I could find in the available record. Simply stated, there can be no legitimate governmental interest met by outright banning door-to-door solicitation that cannot be met with less restrictive measures. My client's position is that it should be allowed to solicit within the confines of the City of Muscle Shoals immediately, and if any ordinance exists prohibiting them from doing so, it should be repealed.

In the alternative, there are other, less restrictive means for local governments, like yours, to regulate such activities that Muscle Shoals should consider. For example, it could maintain a "Do-Not-Solicit List" of residences wishing not to be visited by solicitors and require them to maintain a copy of the list. *See Ohio Citizen Action v. City of Englewood*, 671 F.3d 564, 582 (6th Cir. 2012). It could require solicitors to provide identification, to register, and obtain identification cards, which Urbanex seeks. *See generally National People's Action v. Village of Wilmette*, 914 F.2d 1008, 1011 (7th Cir. 1990). Finally, the city could place limits on times solicitors may visit residences, which Urbanex also observes.

However, it is important to note that courts have rejected such alternative measures when ordinances are not supported by empirical evidence that a curfew was narrowly tailored to advance a city's interests in preventing crime, interest in residential privacy, and interest in conserving public resources. *See Ohio Citizen Action v. City of Englewood*, 671 F.3d 564 (6th Cir. 2012). *See also Citizens Action Coalition of Indiana, Inc. v. Town of Yorktown, Ind.*, 58 F. Supp. 3d 899 (S.D. Ind. 2014). (Town ordinance prohibiting door-to-door canvassing and solicitation after the hour of 9:00 P.M. or sunset, whichever was earlier, was not narrowly tailored to achieve the town's legitimate interest in protecting its residents against crime, as required for ordinance to be valid time, place, and manner restriction on First Amendment activities. There was no substantive evidence establishing an increase in the crime rate due to door-to-door solicitation, or that canvassing after sunset but before 9:00 P.M. posed any greater threat to town's citizens than any other person who may come to a resident's door after dark); *Working America, Inc. v. City of Bloomington*, 2015 WL 6756089 (D. Minn. 2015). (City ordinance requiring licensing of certain door-to-door solicitors facially discriminate based on content of message being spoken, and thus was content-based restriction on speech, rather than content neutral restriction).

I hope this information is useful to you and the City of Muscle Shoals. Please be advised that unless we are allowed to solicit immediately, my client may address this issue in federal court and request all remedies available, including its attorney's fees.

> Hopefully cooler heads can prevail and this will not be necessary. In the meantime, if you have any questions or need additional information, please do not hesitate to contact me.
>
> BMR

(A copy of this email is attached hereto as Exhibit B.)

12. No response was received to this email. As a result, a final call was placed by Urbanex's counsel to the office of the Mayor for Muscle Shoals. Several transfers later, a city employee indicated that Muscle Shoals officials had, in fact, received Urbanex's multiple messages, and the employee promised to attempt contact with the city attorney again. However, the employee also stated that solicitations were simply not allowed in Muscle Shoals under its ordinances and conceded that the city passed the aforementioned-ordinances because of one "bad apple," not to include Urbanex. Needless to say, there was no return call from Mr. Black.

13. At all times material hereto and as of this writing, Muscle Shoals has refused to allow Urbanex's salespersons to solicit Muscle Shoals consumers to promote the sale of its pest control services and products, necessitating the filing of this Complaint.

## IV. CAUSES OF ACTION

### Count 1 – First and Fourteenth Amendments to U.S. Constitution

14. Urbanex restates the allegations contained within Paragraphs 1-13 of this Complaint and incorporates those allegations herein by reference.

15. On their face and as applied, Muscle Shoals' ordinances, specifically Sec. 78-1 and 7-1, violate the First and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. § 1983. (Exh. A.)

16. As a direct and proximate result of Muscle Shoals' enforcement of its unconstitutional ordinances, Urbanex has suffered and continues to suffer damages to include, but not be limited to, deprivation of its rights and revenues resulting from Muscle Shoals' interference with its constitutional rights.

17. Moreover, as a direct and proximate result of Muscle Shoals' enforcement of its unconstitutional ordinances, Urbanex has been forced to incur unnecessary attorney's fees and costs by, *inter alia*, initially attempting to resolve this matter amicably with Muscle Shoals and its city attorney and then ultimately culminating in the drafting, filing, and prosecution of this Complaint.

### Count 2 – Declaratory Judgment

18. Urbanex restates the allegations contained within Paragraphs 1-17 of this Complaint and incorporates those allegations herein by reference.

19. There is a genuine and *bona fide* dispute and an actual controversy between Urbanex and Muscle Shoals regarding its ordinances, which essentially prohibit any type of door-to-door solicitation for Muscle Shoals consumers including, but not limited to, Urbanex's pest control services and products.

20. Pursuant to the Uniform Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure, Urbanex, in good faith, requests that this Court declare Muscle Shoals' ordinances to be unconstitutional and, in any event, that the ordinances cannot prevent Urbanex from soliciting Muscle Shoals consumers to promote the sale of its pest control services and products and/or declare the rights and responsibilities of the parties under the applicable ordinances.

**Count 3 – Injunctive Relief**

21. Urbanex restates the allegations contained within Paragraphs 1-20 of this Complaint and incorporates those allegations herein by reference.

22. This Court has the authority to issue injunctions and take all other actions required in order to prevent Muscle Shoals from enforcing its unconstitutional ordinances against Urbanex and/or its salespeople and from otherwise interfering with Urbanex's constitutional right to solicit Muscle Shoals consumers by engaging in door-to-door visits to promote the sale of its pest control services and products.

23. Muscle Shoals' enforcement of its unconstitutional ordinances has forced Urbanex to suffer significant irreparable harm. Further, a remedy at law cannot and would not redress the harm. As a result, unless this Court grants the injunctive relief requested, an unknowable and irreparable loss to Urbanex will occur.

24. The exact amount of this harm will be difficult, if not impossible, to determine. It is probable that because of the strength of Urbanex's claims against Muscle Shoals, Urbanex will succeed on the merits of this cause. Providing Urbanex with injunctive relief will not result in substantial harm to others. Finally, the public interest would be greatly harmed if no injunctive relief is provided to Urbanex.

## V. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Urbanex prays the following:

1. Process be issued and this Complaint be served upon Muscle Shoals requiring it to respond to the Complaint;

2. A declaratory judgment providing that Muscle Shoals' ordinances, specifically Sec. 78-1 and 7-1, to be unconstitutional and, in any event, that the ordinances cannot prevent Urbanex from soliciting Muscle Shoals consumers to promote the sale of its pest control services and products and/or declare the rights and responsibilities of the parties under the applicable ordinances;

3. Judgment be entered against Muscle Shoals for constitutional and actual damages in an amount to be determined at trial;

4. A preliminary injunction and permanent injunction to prevent Muscle Shoals from enforcing its unconstitutional ordinances against Urbanex and/or its salespeople and from otherwise interfering with Urbanex's constitutional right to solicit Muscle Shoals consumers by engaging in door-to-door visits to promote the sale of its pest control services and products;

5. Attorney's fees and costs against Muscle Shoals; and,

6. For such other, further, and general relief as to which Urbanex may show itself to be entitled upon a hearing of this cause.

Respectfully submitted,

*/s/ John W. Clark IV*

JOHN W. CLARK IV (ASB-5187-O77C)

BAINBRIDGE, MIMS, ROGERS & SMITH, LLP
The South State Bank Building
600 Luckie Drive, Suite 415
Birmingham, Alabama 35223
Telephone: 205.879.1100
Facsimile: 205.879.4300
E-Mail: jclark@bainbridgemims.com

*/s/ Ben M. Rose (w/ permission)*

BEN M. ROSE (TN Bar #21254), *pro hac vice* application pending

ROSEFIRM, PLLC
Post Office Box 1108
Brentwood, Tennessee 37024
Telephone: 615-942-8295
Email: ben@rosefirm.com

**Attorneys for Plaintiff Urbanex Huntsville, LLC**

**CERTIFICATE OF SERVICE**

IT IS HEREBY certified that on **September 24, 2024** this document shall be served via certified mail and/or electronic mail upon the following:

City of Muscle Shoals
c/o Mayor Mike Lockhart
2010 E. Avalon Avenue
Muscle Shoals, Alabama 35661

D. Marcel Black
BLACK AND HUGHSTON, P.C.
406 West Avalon Avenue
Muscle Shoals, Alabama 35661

*/s/ John W. Clark IV*
OF COUNSEL