# Exhibit B

**ben@rosefirm.com**

| | |
|---|---|
| **From:** | ben@rosefirm.com |
| **Sent:** | Monday, August 26, 2024 2:16 PM |
| **To:** | contact@blackhughston.com |
| **Subject:** | In re Urbanex |

This email message is for Marcel Black, who I understand represents the City of Muscle Shoals, Alabama. I could not find a better email address for Mr. Black.

I have left a number of messages for Mr. Black, but no response has been received to date. This email is time sensitive because it precedes a possible federal lawsuit against the City of Muscle Shoals, and my client's sales campaign is ending shortly. Accordingly, I would appreciate you returning this email.

Please be advised that I represent Urbanex Pest Control. I understand that our Huntsville office has been informed solicitation is not allowed in the City of Muscle Shoals. I had a similar issue with the City of Hartselle last year. While I have just made a first blush review of your city's ordinances, in Hartselle's ordinance, it was quite old from the early 1960s, as I recall. After I brought this issue to the attention of that city's attorney, the City of Hartselle updated its ordinance.

It sounds like the City of Muscle Shoals might need to do the same. If there is an ordinance prohibiting soliciting, as I believe there to be, that would naturally violate the Constitutional rights of all those who seek to engage in commercial activity in Muscle Shoals, including my client. Of course, as I am sure you know, commercial speech is a protected activity under the First Amendment, and a regulation targeting such speech must directly advance a substantial governmental interest and be narrowly tailored to restrict no more speech than is absolutely necessary.

The U.S. Supreme Court in *Central Hudson Gas & Elec. Co. v. Public Serv. Comm. of N.Y.* used a four-part analysis to determine whether commercial speech is protected by the First Amendment: First, the speech must concern lawful activity and not be misleading; Second, the asserted governmental interest must be substantial; Third, the regulation must directly advance the asserted governmental interest; and, Fourth, it must not be more extensive than is necessary to serve that interest. This test has been adopted by courts here, and by implication, I believe this rationale also applies in Alabama. *See Backpage.com, LLC v. Cooper*, 939 F.Supp.2d 805, 839 (M.D.Tenn. 2013). The government bears the burden of proving the Constitutionality of their regulations, and "[t]his burden is not satisfied by mere speculation or conjecture; rather, a governmental body seeking to sustain a restriction on commercial speech must demonstrate that the harms it recites are real and that its restriction will in fact alleviate them to a material degree." *See Edenfield v. Fane*, 507 U.S. 761, 770-71.

In addition, I am not aware of Muscle Shoals' governing body putting forth any reasonable explanations for the implementation of such a prohibitive ordinance, at least inasmuch as I could find in the available record. Simply stated, there can be no legitimate governmental interest met by outright banning door-to-door solicitation that cannot be met with less restrictive measures. My client's position is that it should be allowed to solicit within the confines of the City of Muscle Shoals immediately, and if any ordinance exists prohibiting them from doing so, it should be repealed.

In the alternative, there are other, less restrictive means for local governments, like yours, to regulate such activities that Muscle Shoals should consider. For example, it could maintain a "Do-Not-Solicit

List" of residences wishing not to be visited by solicitors and require them to maintain a copy of the list. *See Ohio Citizen Action v. City of Englewood*, 671 F.3d 564, 582 (6th Cir. 2012). It could require solicitors to provide identification, to register, and obtain identification cards, which Urbanex seeks. *See generally National People's Action v. Village of Wilmette*, 914 F.2d 1008, 1011 (7th Cir. 1990). Finally, the city could place limits on times solicitors may visit residences, which Urbanex also observes.

However, it is important to note that courts have rejected such alternative measures when ordinances are not supported by empirical evidence that a curfew was narrowly tailored to advance a city's interests in preventing crime, interest in residential privacy, and interest in conserving public resources. *See Ohio Citizen Action v. City of Englewood*, 671 F.3d 564 (6th Cir. 2012). *See also Citizens Action Coalition of Indiana, Inc. v. Town of Yorktown, Ind.*, 58 F. Supp. 3d 899 (S.D. Ind. 2014). (Town ordinance prohibiting door-to-door canvassing and solicitation after the hour of 9:00 P.M. or sunset, whichever was earlier, was not narrowly tailored to achieve the town's legitimate interest in protecting its residents against crime, as required for ordinance to be valid time, place, and manner restriction on First Amendment activities. There was no substantive evidence establishing an increase in the crime rate due to door-to-door solicitation, or that canvassing after sunset but before 9:00 P.M. posed any greater threat to town's citizens than any other person who may come to a resident's door after dark); *Working America, Inc. v. City of Bloomington*, 2015 WL 6756089 (D. Minn. 2015). (City ordinance requiring licensing of certain door-to-door solicitors facially discriminate based on content of message being spoken, and thus was content-based restriction on speech, rather than content neutral restriction).

I hope this information is useful to you and the City of Muscle Shoals. Please be advised that unless we are allowed to solicit immediately, my client may address this issue in federal court and request all remedies available, including its attorney's fees.

Hopefully cooler heads can prevail and this will not be necessary. In the meantime, if you have any questions or need additional information, please do not hesitate to contact me.

BMR



RoseFirm, PLLC

Mailing Address
Post Office Box 1108
Brentwood, Tennessee 37024
615-942-8295

Office Address
Two Maryland Farms, Suite 2-126
Brentwood, Tennessee 37027
www.bmrfirm.com

Recent Internal Revenue Service rules restrict written federal tax advice from lawyers and accountants. The sender includes this statement in all outbound emails because even inadvertent violations may be penalized. Nothing in this message is intended to be used, or may be used, to avoid any penalty under federal tax laws. This message was not written to support the promotion or marketing of any transaction. Please contact the sender if you have any questions regarding this disclaimer.

NOTE: This e-mail may contain privileged and confidential information and is intended only for the use of the specific individual(s) to which it is addressed. If you are not an intended recipient of this email, you are hereby notified that any unauthorized use, dissemination or copying of this e-mail or the information contained in it or attached to it is strictly prohibited. If you have received this email in error, please delete it and immediately notify the person named above by reply email. Thank you.